IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02273-WJM-KLM

ONESOURCE COMMERCIAL PROPERTY SERVICES, INC., a Colorado corporation, and
AFFORDABLE SWEEPING, INC., a Colorado corporation,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,
APRIL HENDERSON,
CALVIN BLACK,
KEN GREENE, and
XAVIER DURAN,

      Defendants.

_____

## ORDER GRANTING MOTION TO COMPEL
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on **Defendants City and County of Denver, Greene, Duran and Black's Motion to Compel Plaintiff's Discovery Responses** [Docket No. 68; Filed June 1, 2011] (the "Motion"). Per my prior Orders [Docket Nos. 67 & 73], Plaintiffs filed a Response on June 17, 2011 [Docket No. 70] and Defendants filed a Reply on June 30, 2011 [Docket No. 75]. The Motion is fully briefed and ripe for resolution. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

This matter pertains to allegations that Defendants unlawfully discriminated against Plaintiffs based upon race and gender in connection with contracts to provide cleaning services at Denver International Airport, in violation of 42 U.S.C. §§ 1981, 1983, 1988 & 2000d (Title VI). *See Scheduling Order* [#65] at 2-3. Defendants deny that they committed

any conduct that amounts to a legally cognizable constitutional or Title VI violation.  *Id.* at 3-6.  Plaintiffs are seeking damages for lost income and profits.  *Id.* at 6.

The Motion relates to discovery propounded in April 2011 by Defendants. Specifically, Defendants City & County of Denver, Ken Greene and Xavier Duran propounded their First Set of Written Discovery Requests ("Defendants' Requests") on April 13, 2011 [Docket No. 68-1].  Defendant Calvin Black propounded his First Set of Interrogatories and Requests for Production of Documents ("Black's Requests") on April 21, 2011 [Docket No. 68-2].  Plaintiffs have not responded to the interrogatories nor produced any responsive documents.  When contacted by Defendants, Plaintiffs indicated that  responding to the discovery requests would be unduly burdensome, but they do not appear to have sent formal objections to any of the requests at issue.   This Motion followed.

Defendants seek an order compelling Plaintiffs to produce information and documents in response to their outstanding discovery requests.  Plaintiffs' responses were due on May 16, 2011 and May 24, 2011, respectively.  In addition to raising an issue relating to the overdue status of Plaintiffs' responses, Defendants contend that Plaintiffs' failure to timely respond interferes "with the smooth progression of discovery in this case," including the taking of depositions.  *Motion* [#68] at 4.  Defendants also seek an award of expenses incurred in prosecuting the Motion.   *Id.* at 6.

In Response, Plaintiffs allege that they have "never refused to provide the information sought."  *Response* [#70] at 1.  Rather, they contend that they were under the impression that counsel were working toward a compromise about the cost of responding prior to the submission of their responses.  *Id.*  Plaintiffs also contend that because

responding to the discovery would require "over 200 hours for small business people, providing cleaning services, to respond," and would require them to hire temporary clerical staff at an estimated cost of $4500 for labor and copies, the requests are unduly burdensome. *Id.* at 2, 9. Plaintiffs attach an affidavit from an agent and a spreadsheet to support their contention regarding the amount of time and expense it would take to respond [Docket No. 70-1]. While Plaintiffs raise specific objections to certain discovery requests (e.g., Defendants' Requests – Interrogatory Nos. 3, 4 & 5 and Requests for Production Nos. 3 & 4; Black's Requests for Production No. 3), they fail to specifically object to any of the other unanswered requests at issue here.[1]

In their Reply, Defendants note that "[t]he parties' dispute boils down to whether Defendants' discovery requests are unduly burdensome to the extent that Plaintiffs should be excused from responding to any discovery." *Reply* [#75] at 2. They argue that Plaintiffs have failed to meet their burden of establishing that the discovery requests are unduly burdensome because "Plaintiffs' reasoning that they are 'small business people' provides no persuasive basis for excusing them from complying with the rules of civil procedure in a case they voluntarily initiated." *Id.* at 5.

Generally, the test for allowing discovery of information or documents is whether the information "is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This is

---

[1] Given that Plaintiffs failed to timely respond to the discovery requests, they have arguably waived objections to any of the discovery requests not specifically referenced in their Response. Fed. R. Civ. P. 33(b)(4), 34(b) & 37(a)(B)(iii), (iv); *see Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15(D. Kan. 2005); *see also Cartel Asset Mgmt. v. Ocwen Finan. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010) (unpublished decision) (noting that "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections").

a deliberately broad standard which is meant to allow the parties to discover the information necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas*, 232 F.R.D. at 382 ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced. However, where the burden of producing relevant discovery outweighs the likely benefit, the Court has discretion to limit the discovery requested. Fed. R. Civ. P. 26(b)(2)(C); *see Qwest Commc'ns Int'l v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

Here, Plaintiffs have the burden to show that responding to the discovery requests at issue would be unduly burdensome. *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003); *see also Schartz v. Unified Sch. Dist. No. 512*, No. 95-2491-EEO, 1996 WL 741384, at *2 (D. Kan. Dec. 18, 1996) (unpublished decision) ("Discovery, by its very nature, is inherently burdensome to some extent. The question, however, is whether the discovery unduly burdens . . . ."). This burden can only be met by providing sufficient details or "a compelling showing of undue burden" to obviate the overwhelming preference for requiring that relevant discovery materials be exchanged. *Cartel*, 2010 WL 502721, at *15 (citing cases). Plaintiffs have failed to carry their burden for the following reasons.

As a preliminary matter, many of Plaintiffs' contentions are unsupported by legal citation or are insufficient on their face. For example, to the extent that Plaintiffs argue that they have already produced some of the documents requested, they fail to explain why they

4

cannot refer to already produced documents by Bate numbers instead of producing the documents again to alleviate some of their purported burden.   Further, Plaintiffs' unsupported argument that they should not be required to produce materials they suspect that Defendants already possess is rejected.   Defendants are entitled to see the documents and information Plaintiffs possess, even though both parties may possess some or all of the requested documents (like invoices) and information (like names of Plaintiffs' employees).   Without a sufficient showing that Plaintiffs' production would be "unreasonably cumulative," Plaintiffs cannot avoid their obligation to respond.   *See* Fed. R. Civ. P. 26(b)(2)(C)(i).   Moreover, Plaintiffs' argument that they have been improperly asked to compile and summarize responsive data is incorrect.   The discovery requests at issue do not so request, and Plaintiffs can instead produce documents or information pursuant to Fed. R. Civ. P. 33(d).

Next, Plaintiffs have failed to show that they have undertaken any steps to identify responsive documents.   Instead, Plaintiffs appear to have simply thrown up their hands at the prospect of responding to the discovery requests, as if doing so would be like searching for a needle in a haystack.   To this end, Plaintiffs have failed to describe the alleged haystack, failed to describe any search efforts undertaken thus far and failed to adequately describe the results of any search efforts undertaken thus far.   *See, e.g.*, *Response* [#70] at 11-12 (raising objection to Defendants' use of term "relating to," but failing to explain how in the context of the request the term amounts to an unduly burdensome request given the type of documents and information at issue).   Moreover, Plaintiffs have failed to adequately raise a challenge related to the relevance of the information sought by Defendants.   *See, e.g.*, *id.* at 10 (raising vague and unsubstantiated objection to relevance).   In other words,

what Plaintiffs perceive as a "needle in a haystack" is actually the building blocks of their case in an unspecified pile of construction material.  Their failure to successfully challenge the relevance of the building blocks undermines their contention that lifting them out of the pile would be unduly burdensome.

Next, and most importantly, Plaintiffs fail to provide sufficient information to justify their time and expense estimates.  For example, they have not explained what document storage systems they use, whether documents are kept in hard copies, where and in what containers documents are stored, how many business documents they possess, whether any documents are kept on computers, whether they have computer archives, whether they can search electronically for documents, and whether documents have been erased or modified.

In addition, Plaintiffs' time estimates to respond to the discovery requests are utterly lacking in justification.  The affidavit fails to explain why it will take Plaintiffs nine hours to identify their lost income, profits and damage to reputation.  Nor does it explain  why it will take Plaintiffs four hours to state their attempts to mitigate any damages.  Plaintiffs' conclusory allegations leave the Court in the position of speculating, and that I cannot do. *Cartel*, 2010 WL 502721, at *16 ("The benefits of Rule 26(b)(2)(B) cannot be invoked on mere speculation or unsubstantiated assumptions.").  Here, the submission of an undetailed affidavit and spreadsheet, neither of which provide a persuasive basis for the purported estimates, are insufficient.  *See, e.g.*, *Medcorp, Inc. v. Pinpoint Techs., Inc.*, 08-cv-00867-MSK-KLM, 2009 WL 1049758, at *2-3 (D. Colo. Apr. 20, 2009) (citations omitted) (recognizing that unsubstantiated estimates of counsel do not meet objecting party's burden even where the discovery requests admittedly require some compilation and

burden).

Finally, although Plaintiffs state that they "never refused to provide the information sought," see *Response* [#70] at 1, as noted above, Plaintiffs failed to submit timely responses to the requests at issue. *See* Fed. R. Civ. P. 33(b) & 34(b) (imposing a duty to respond to discovery that is not objectionable). Moreover, in response to the Motion, Plaintiffs failed to raise specific challenges to every discovery request, thus failing to specify what is objectionable about each. First, this is an inappropriate and ineffectual way to challenge discovery requests. *See, e.g.*, *Sonninno v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004) ("When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable."). Second, Plaintiffs' discovery tactics created inevitable delay in a lawsuit that they voluntarily chose to file and which they have an obligation to duly prosecute. Responding to appropriate discovery requests, and doing so in a timely fashion, are part of Plaintiffs' duty to prosecute their case. Accordingly, the Motion is **granted** and Plaintiffs are compelled to respond to the discovery requests at issue without objection.[2]

IT IS FURTHER **ORDERED** that Plaintiffs must respond to Defendants City &

---

[2] To ease Plaintiffs' purported burden, Defendants propose that the Court order Plaintiffs to produce responsive materials *after* Defendants respond to Plaintiffs' discovery requests on July 6, 2011, because Defendants intend to produce "all their internal files related to Plaintiffs." *Reply* [#75] at 4. As a practical matter, Plaintiffs' objections to the discovery requests at issue have ensured that Plaintiffs will not respond until after Defendants have responded to Plaintiffs' outstanding discovery requests. While Plaintiffs may take advantage of Defendants' responses if they so choose (to avoid the production of unreasonably cumulative materials), they must nevertheless do so within the deadline set by the Court.

County of Denver, Greene and Duran's First Set of Written Discovery Requests and Defendant Black's First Set of Interrogatories and Requests for Production of Documents, in full, on or before **July 22, 2011**.

IT IS FURTHER **ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(5)(A), Defendants are entitled to an award of their reasonable costs and fees incurred to adjudicate the Motion.[3]  Plaintiffs' unjustified discovery strategy has caused unnecessary delay in the production of relevant discovery materials, as well as in the ordinary discovery process in the case.  *See Cartel*, 2010 WL 502721, at *18, 20 ("Although counsel disclaimed any intention to withhold relevant discovery, . . . [her refusal to produce discovery] based upon a factual showing that was patently deficient under any reasonable application," justifies an award of expenses).  To this end,

IT IS FURTHER **ORDERED** that, on or before **July 25, 2011**, Defendants shall file affidavits and information in compliance with D.C.COLO.LCivR 54.3 regarding the "reasonable expenses incurred in making the [M]otion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  No motion shall be necessary.  Plaintiffs shall file a response, if any, within **ten (10) days** of Defendants' submissions.  **No reply shall be permitted**.

Dated:  July 6, 2011

BY THE COURT:

---

[3] An award is authorized after affording the affected party the opportunity to be heard.  *See* Fed. R. Civ. P. 37(a)(5)(A).  Plaintiffs had that opportunity in responding to the Motion, which clearly requested such an award.  *See Cardenas*, 232 F.R.D. at 388 n.42.  Here, I find that Plaintiffs' general objections are not substantially justified.  Moreover, Defendants adequately conferred in advance of filing the Motion and Plaintiffs have failed to raise any issue which makes an award of expenses unjust.  Nevertheless, Plaintiffs are permitted to object to the reasonableness of the amount of fees sought by Defendants as set forth above.

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge