IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02273-WJM-KLM

ONESOURCE COMMERCIAL PROPERTY SERVICES, INC., a Colorado corporation, and
AFFORDABLE SWEEPING, INC., a Colorado corporation,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,
APRIL HENDERSON,
CALVIN BLACK,
KEN GREENE, and
XAVIER DURAN,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on my Order compelling Plaintiffs to respond to Defendants City and County of Denver, Xavier DuRan, Ken Greene and Calvin Black's outstanding discovery requests and permitting an award of expenses to Defendants. *Order* [#76] at 8.  The history of the discovery dispute and the justification for the award of expenses is set forth in my prior Order and is not reproduced here.  Pursuant to the Order, I directed the parties to file additional pleadings regarding the amount of attorneys' fees and costs sought by Defendants and the reasonableness of such expenses.  *Id.*  Defendants[1] filed an Affidavit on July 25, 2011 [Docket No. 77], and Plaintiffs filed an Objection on

---

[1] Defendant Calvin Black is represented by separate counsel.  Although he also secured a favorable ruling on the Motion to Compel, his counsel did not submit an affidavit of expenses to be considered here.  Moreover, the Court notes that Defendant April Henderson was not involved in the prior discovery dispute.  Accordingly, references to Defendants hereafter refer exclusively to Defendants City and County of Denver, Xavier DuRan and Ken Green.

August 4, 2011 [Docket No. 82].  Having considered the parties' pleadings, the Court awards Defendants attorneys' fees as set forth below.

As a preliminary matter, pursuant to D.C.COLO.LCivR 54.3B., a party seeking an award of expenses must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience."  Defendants submitted an Affidavit authored by counsel Gillian M. Fahlsing, which includes an itemized list of fees incurred, the hourly rates charged by counsel and staff, and their experience.  As per the Affidavit, Defendants incurred attorneys' fees (including paralegal fees) in the amount of $3,325.00.  Defendants do not appear to seek reimbursement for costs.  Although Plaintiffs contend that the Affidavit is not sufficiently detailed, I find that Defendants have satisfied the requirements of Local Rule 54.3B.  Moreover, the hourly rates appear to be reasonable for this jurisdiction.  The Court addresses the issue of the amount of the award below.

A party seeking an award of attorneys' fees and costs must demonstrate that the expenses it seeks are reasonable.  *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary."  *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).  Generally, the starting point for any calculation of a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433; *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996).  The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion.  *Hensley*, 461

U.S. at 436-37.

As noted in my prior Order, Defendants were the prevailing party and, therefore, are entitled to be compensated for what ultimately turned out to be an avoidable discovery dispute. *Order* [#76] at 4-8; *see* Fed. R. Civ. P. 37(a)(5)(A). Reviewing the Affidavit, while I agree that Plaintiffs unnecessarily caused the expenditure of time, money and resources to resolve the dispute, I credit Plaintiffs' contention that Defendants appear to seek reimbursement for fees incurred prior to the time the dispute became ripe. *See Objection* [#82] at 2. I further credit Plaintiffs' contention that, in some instances, Defendants did not appear to exercise appropriate billing judgment. *See id.* at 3. While neither of these contentions absolves Plaintiffs of the imposition of sanctions, they do factor into the Court's determination of a reasonable award under the circumstances.

Specifically, in their Objection, Plaintiffs contend that expenses incurred prior to the date that their discovery responses were due should not be credited. *Id.* at 2. I agree. Moreover, I also agree that several entries appear unnecessarily excessive or inappropriate. *See id.* at 2-3. For example, Plaintiffs highlight the billing entry on May 24, 2011 where Defendants billed .6 hours to read a one-page minute order and a one-sentence email. *Id.*; *see Affidavit* [#77] at 3. Plaintiffs also highlight multiple entries related to communications with counsel for Defendant Henderson. *Objection* [#82] at 2; *Affidavit* [#77] at 2-3. As noted earlier, this Defendant was not involved in the discovery dispute.

In addition to the arguments advanced by Plaintiffs in their Objection, I credit several arguments raised earlier by Plaintiffs during the briefing on the Motion to Compel. Namely, Plaintiffs argued that they did not intentionally delay production of the requested discovery and, rather, were attempting to work cooperatively with Defendants to resolve the matter.

*See Response* [#70] at 1.  Moreover, they noted that they are small business owners with limited financial resources.  *See id.* at 10-11.  While I did not credit these contentions to decline an award of expenses, they factor into the determination of a reasonable amount.

Given the above, rather than "attempt[ing] to identify specific hours that [could] be eliminated," I exercise my "discretion in making this equitable judgment" and do not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall.  *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257, 1259 (10th Cir. 2005) (permitting Court to reduce amount of fees claimed where billing judgment is in doubt); *White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute).

Simply, "[i]t does not [always] follow that the amount of time *actually* expended is the amount of time *reasonably* expended."  *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis added).  Based upon my twenty-five years of combined private and judicial experience and my careful consideration of Defendants' Affidavit, the discovery issues and Plaintiffs' pleadings, I find that Defendants' claimed expenses exceed what are reasonable here and should be reduced to $2,000.  This reduction takes into account that several billing items appear inappropriate or excessive and that Plaintiffs have limited financial means.

IT IS FURTHER **ORDERED** that Plaintiffs shall remit payment of **$2,000** to Defendants on or before **September 9, 2011**.

Dated: August 12, 2011

                                      BY THE COURT:

                                      s/ Kristen L. Mix
                                      United States Magistrate Judge
                                      Kristen L. Mix