**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  10-cv-02273-WJM-KLM

ONESOURCE COMMERCIAL PROPERTY SERVICES, INC., a Colorado corporation, and
AFFORDABLE SWEEPING, INC., a Colorado corporation,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,
APRIL HENDERSON,
CALVIN BLACK,
KEN GREENE, and
XAVIER DURAN,

    Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIS
SUPPLEMENT TO PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

---

    In February 2012, Defendants filed three Motions for Summary Judgment.  (ECF Nos. 116-18.)  Plaintiff filed a timely opposition and a corrected brief three days later.  (ECF Nos. 132, 133, 136-1.)  Defendants filed their reply briefs in April 2012.  (ECF Nos. 149, 151, 152.)  Therefore, briefing on the Motions for Summary Judgment has been complete for nearly three months.

    Before the Court is Plaintiffs' Motion for Leave to File This Supplement to Their Response in Opposition to Defendants' Motions for Summary Judgment ("Motion").  (ECF No. 159.)  Plaintiffs allege that they "obtained newly discovered evidence relevant to the issues in this case after briefs were submitted by all parties."  (*Id*. at 1.)  This

"newly discovered evidence" is a deposition taken by Plaintiffs' counsel on June 6, 2012 in an unrelated action.  The deponent, Sherry Grams, offered an affidavit in support of Defendants' Motions for Summary Judgment.  The relevant portion of this affidavit involved statements about how closely Defendants' contract compliance managers were supposed to monitor the work of contractors at Denver International Airport.  (ECF No. 117-21.)  Plaintiffs contend that Ms. Grams's deposition testimony is inconsistent with some of the sworn statements in her affidavit and that the Court should consider this contrary evidence in ruling on the summary judgment motions.  (ECF No. 159 at 3.)

Defendants oppose the Motion and argue that Plaintiffs have failed to show good cause for submitting a sur-reply.  (ECF Nos. 161 & 162.)  Defendants contend that Ms. Grams's deposition testimony is not "newly discovered evidence" because Plaintiffs were aware of Ms. Grams during the discovery period for this case and chose not to depose her then.  (ECF No. 162 at 2-3.)

The undersigned's Practice Standards state: "No sur-reply, supplemental brief, or supplemental 'notice' may be filed without prior leave of Court for good cause shown."  WJM Practice Standards III.I.  Defendants have provided documentation showing that Ms. Grams was disclosed to Plaintiffs as an individual with possible information about this action as early as September 2011.  (ECF No. 164-1.)  This means that Plaintiffs were on notice of Ms. Grams's potential role in this action at least four months before the discovery period in this case closed on January 13, 2012.  (ECF No. 101.)

The Court finds that Ms. Grams's June 2012 deposition testimony is not "newly discovered evidence" and therefore does not establish good cause for allowing Plaintiffs to supplement their opposition to the summary judgment motions. Nothing about Ms. Grams's deposition testimony is time sensitive; that is, there is no reason to believe that Ms. Grams's testimony in June 2012 would have been different than if she had been deposed in October 2011. She has held her position since August 2009 and was questioned about the policies that have been in place the whole time that she has worked there. (ECF No. 159-3.) Ms. Grams's testimony is not "newly discovered evidence" just because Plaintiffs' attorney decided to take Ms. Grams's deposition in an unrelated case last month - approximately five months after discovery had closed in this case. Quite simply, Plaintiffs had at least four months to take Ms. Grams's deposition before discovery closed in this case, but they chose not to do so.

Accordingly, Plaintiffs' Motion for Leave to File This Supplement to Their Response in Opposition to Defendants' Motions for Summary Judgment (ECF No. 159) is DENIED for lack of good cause shown.

Dated this 6th day of July, 2012.

BY THE COURT:

William J. Martinez
United States District Judge